679 A.2d 232

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roxanne Yvonne PLESS.**

Superior Court of Pennsylvania.

Argued April 11, 1996.

Filed June 14, 1996.

Samuel R. Zuck, Asst. Dist. Atty., Mercer, for Com., appellant.

Raymond H. Bogaty, Grove City, for appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from a September 22, 1995 order granting appellee Roxanne Yvonne Pless' motion to suppress. Appellant, the Commonwealth of Pennsylvania, raises the following issue for our review:

> Did the Suppression Court err in granting [appellee's] motion to suppress evidence on the basis that the consent to search [appellee's] vehicle was obtained during an unlawful detention?

Appellant's Brief at 5.

On December 23, 1994, at approximately 12:50 a.m., State Trooper Richard Houk and his partner, Trooper J.J. Sovic, clocked appellee's vehicle traveling on Interstate 80 in Mercer County at 75 miles per hour in a 55 mile per hour zone and observed that a rear tail lamp on the vehicle was burned out. Trooper Houk stopped the speeding vehicle, parked behind it,

and approached the driver's side. After Trooper Houk requested appellee's driver's license and vehicle registration, he noted that it took appellee longer than what would normally be required to retrieve these papers, and that she held her hands in a peculiar manner when searching her purse for the documents. Trooper Houk then returned to his patrol car and started filling out a warning card for the traffic violations, during which time he noticed appellee squirming a bit in her seat and moving her head from side to side. N.T. 8/9/95 at 16, 20.

After completing the warning card, Trooper Houk returned to appellee and requested she exit the vehicle and walk to its rear so that he could issue her the warning. Trooper Houk gave appellee her license and registration, issued the warning, and told her she was free to leave. However, he then asked appellee if she would answer some questions, to which she responded she would. After Trooper Houk started questioning appellee, Trooper Sovic advised him that there were no problems with the check on her license and registration. Trooper Houk then secured appellee's permission to search the vehicle and found cocaine. At this point, Trooper Houk arrested appellee and her passenger.

Appellee was subsequently charged with unlawful possession with intent to deliver a controlled substance,[1] unlawful possession of a controlled substance,[2] unlawful possession of drug paraphernalia,[3] and criminal conspiracy.[4] Thereafter, appellee filed a motion to suppress evidence. On September 22, 1995, after a hearing, the trial court granted appellee's motion to suppress. This timely appeal followed.[5]

1. 35 Pa.C.S. § 780–113(a)(30).

2. 35 Pa.C.S. § 780–113(a)(16).

3. 35 Pa.C.S. § 780–113(a)(32).

4. 18 Pa.C.S. § 903.

5. The Commonwealth may appeal from a trial court's order suppressing evidence when it certifies in good faith that the suppression order will terminate or substantially handicap its prosecution of the case. *See Commonwealth v. Dugger,* 506 Pa. 537, 546–47, 486 A.2d 382, 386

The Commonwealth claims that the trial court erred in granting appellee's motion to suppress, as appellee had consented to a search of the vehicle.

As here, where the Commonwealth appeals the grant of a motion to suppress, we must consider "only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted." *Commonwealth v. DeWitt*, 530 Pa. 299, 302, 608 A.2d 1030, 1031 (1992). When the evidence supports the suppression court's factual findings, we may reverse only when the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Quiles*, 422 Pa.Super. 153, 156, 619 A.2d 291, 292 (1993) (en banc).

■ A state trooper may stop a motor vehicle if the trooper reasonably believes that a provision of the Motor Vehicle Code is being violated. *DeWitt*, 530 Pa. at 304, 608 A.2d at 1032. Incident to this stop, the trooper may check the vehicle's registration and the driver's license and issue a citation. *Commonwealth v. Talley*, 430 Pa.Super. 351, 356, 634 A.2d 640, 643 (1993). After producing a valid driver's license and vehicle registration, the driver must be allowed to proceed without further delay by the police, unless the police have "reasonable grounds to suspect an illegal transaction in drugs or other serious crime." *Commonwealth v. Lopez*, 415 Pa.Super. 252, 262, 609 A.2d 177, 182 (1992), *allocatur denied*, 533 Pa. 598, 617 A.2d 1273 (1992).

■ In the instant case, Trooper Houk acted lawfully in stopping appellee for speeding and for driving with a burned out tail lamp. However, as appellee was properly issued a warning for the motor vehicle code violations, and as her driver's license and registration passed a records check, Trooper Houk was required to have reasonable grounds to suspect an illegal transaction in drugs or other serious crime in order to further detain appellee. *Lopez, supra.* The mere fact that Trooper Houk thought that appellee was hiding

(1985). As the Commonwealth has fulfilled this requirement, this appeal is properly before this Court.

something when she retrieved her license from her purse, and the fact he thought appellee's side to side movements were "furtive" while she sat waiting for him to complete the warning card, was not enough for reasonable grounds to suspect a crime. *See Commonwealth v. Parker,* 422 Pa.Super. 393, 400, 619 A.2d 735, 738 (1993) (police officer's knowledge that defendant had been previously arrested for a drug violation, without articulable grounds to suspect the presence of drugs, was insufficient to detain defendant); *Lopez, supra* (police officer's intuition does not constitute a reasonable ground to suspect criminal activity is afoot); *cf. Commonwealth v. Grosso,* 448 Pa.Super. 552, 672 A.2d 792 (1996) (when ticketing police officer was contacted by fellow officer who informed him that appellant was known to carry concealed weapons and use drugs and urged officer to exercise caution, ticketing officer could reasonably conclude appellant was armed and dangerous and thus his detention and questioning of appellant and appellant's subsequent consent to search vehicle was not the product of an illegal detention).

■ Accordingly, we agree with the suppression court that Trooper Houk exceeded the lawful scope of a stop for a motor vehicle code violation, and therefore, the continued detention of appellee and the subsequent vehicle search were improper. Moreover, as the detention was improper, appellee's consent was ineffective to justify the search. *Talley, supra; Lopez, supra.*

Accordingly, we affirm the suppression court's grant of appellee's motion to suppress.

Order affirmed.