**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry D. FRANCIS, Appellee.**

Superior Court of Pennsylvania.

Submitted June 30, 1997.

Filed Sept. 26, 1997.

Elizabeth A. Doyle, Asst. Dist. Attorney, Hollidaysburg, for Com., appellant.

Brian H. Grabill, Public Defender, Hollidaysburg, for appellee.

Before DEL SOLE and HUDOCK, JJ., and MONTEMURO, Judge.

DEL SOLE, Judge:

The Commonwealth appeals from an order granting Appellee, Larry Darnel Francis', motion to suppress three allegedly stolen credit cards. The issue is whether the trial court correctly concluded that Appellee's consent to search his car was obtained during an unlawful detention.[1] We reverse.

On June 10, 1996, Appellee was stopped by Trooper Thomas Laskey because the vehicle he was driving had an expired temporary registration plate which was registered to another car. When asked for identification, Appellee gave Trooper Laskey an expired registration card and stated that his identification was in the trunk. Trooper Laskey called for back-up and when it arrived, Appellee retrieved his wallet from the trunk and leafed through his cards, letting three of them drop back into the trunk. Trooper Laskey testified that he did not see what type of cards these were, but noted that they appeared to be plastic. Appellee then closed the trunk of the car and spread out different forms of identification, none of which was a driver's license. The names listed on the cards varied slightly (Larry D. Francis, Dar-

nel Francis), had different addresses, and different social security numbers. Appellee was also unable to produce any insurance information.

Trooper Laskey then ran a check and determined that the car was not stolen.[2] He also learned that Appellee had two driving records, one under Larry Francis, and the other under Darnel Francis, and that his driver's license was suspended. In addition, according to the different social security numbers listed on the i.d. cards, the trooper discovered there were no warrants or pending criminal charges filed against Appellee. Nevertheless, Trooper Laskey testified that after witnessing Appellee drop the three cards into his trunk and hearing Appellee's inconsistent explanations for the differing social security numbers and the improperly registered car, he was suspicious and asked Appellee for consent to search his car.

Appellee thereafter signed a written consent form, consenting to a search of his vehicle for "controlled substances, fruits of a crime or instruments of a crime." It is uncontested that Appellee's consent was knowing and voluntary.

The search revealed three allegedly stolen credit cards and Appellee was charged with two counts of receiving stolen property along with various traffic violations.[3] Appellee filed a motion to suppress the credit cards claiming they were the product of an illegal search and seizure.

---

1. We note that we are cognizant of the recent *en banc* decision rendered by this court in *Commonwealth v. Hoak*, 700 A.2d 1263 (1997) wherein we held that where an officer conducting a routine traffic stop issued a warning, returned appellant's driver's license and registration and informed appellant that he was free to leave, any official detention ceased and appellant's subsequent consent to a search of his vehicle was voluntary and the fruits of the search should not be suppressed.

   Because the record in the present case does not show sufficient facts for us to analyze this case under the rationale set forth in *Hoak, supra.*, we will assume the Appellee was detained and analyze only the question of whether that detention was lawful.

2. At this point Trooper Laskey's original back-up had to leave the scene and he called for new

back-up which arrived within 10 minutes. (N.T. 12/31/96, p. 22).

3. Appellee was charged with violating the following:

   **75 P.S. 1301—Registration and Certificate of Title Required**
   **75 P.S. 1372—Unauthorized Transfer or Use of Registration**
   **75 P.S. 1786—Required Financial Responsibility, and**
   **75 Pa.C.S.A. 1543—Driving While Operating Privilege is Suspended or Revoked.**
   Although Appellee had two driving records, he was not charged under **75 Pa.C.S.A. 1501—Drivers Required to be Licensed, Limitation on Number of Licenses,** which states that no person shall be permitted to have more than one driver's license.

The trial court found that, other than the motor vehicle summary offense, the trooper did not articulate any other facts which caused him to suspect criminal activity was afoot; and, therefore there were no objective circumstances to support a suspicion that controlled substances or fruits or instruments of a crime were hidden in the vehicle. Furthermore, the court held that detaining Appellee for the purpose of requesting permission to search the vehicle constituted an unreasonable seizure.

In reviewing a decision granting a motion to suppress, we must consider only the evidence of the defendant's witnesses and so much of the evidence of the prosecution as, read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Robinson,* 438 Pa.Super. 119, 123, 651 A.2d 1121, 1123 (1994). In addition, "[i]f the evidence supports the court's factual findings, [the reviewing court] is bound by such findings and may only reverse if the legal conclusions drawn therefrom are in error." *Id.*

Here, it is uncontested that Trooper Laskey had reasonable and articulable grounds to stop Appellee, but in order to justify detaining Appellee for further questioning, Trooper Laskey must have been able to point to specific and articulable facts which, taken together with the reasonable inferences from those facts, reasonably indicate that criminal activity might have been afoot. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Furthermore, our court has held that upon producing a valid driver's license and registration, a driver must be allowed to proceed without further delay, unless the police have "reasonable grounds to suspect an illegal transaction in drugs or other serious crime." *Commonwealth v. Lopez,* 415 Pa.Super. 252, 262, 609 A.2d 177, 182 (1992), or the officer is justified in believing that the individual is armed and dangerous. *Commonwealth v. Grosso,* 448 Pa.Super. 552, 558, 672 A.2d 792, 795 (1996).

The Commonwealth argues that Appellee's failure to produce all of the cards from the trunk for Trooper Laskey's inspection, the fact that Appellee had two driving records, a suspended driver's license, identification bearing three different social security numbers, and was driving a vehicle with a plate that belonged to another vehicle, provided Trooper Laskey with reasonable grounds to suspect that criminal activity was afoot and therefore, Appellee was not unlawfully detained.

Appellee counters this argument by citing to *Commonwealth v. Pless,* 451 Pa.Super. 209, 212, 679 A.2d 232, 233–234 (1996), wherein our court held that suspicious behavior alone was not enough to justify detaining the driver to request permission to search the car. When Pless was stopped for motor vehicle violations, the trooper noticed that she held her hands in a peculiar manner while searching through her purse for her license and that she made "furtive" side to side movements while waiting for the trooper to write up the warning. Although Pless' license and registration were in order, the trooper continued to question her after he issued the citation and ultimately received Pless' consent to search her vehicle. This court held that, without more, the suspicious behavior exhibited by Pless "was not enough for reasonable grounds to suspect a crime" and thus her continued detention was unlawful. *Pless, supra.* Therefore, unless the trooper has articulable suspicions, a driver cannot be detained after a routine traffic stop.

We hold the instant case is distinguishable from *Pless* because here the trooper's request to search Appellee's vehicle was based upon more than just suspicious behavior. While the mere fact that Appellee dropped three cards back into the trunk while freely displaying the other cards to the trooper may not by itself support the officer's suspicion that criminal activity was afoot, the additional facts presented in this case provided Trooper Laskey with specific and articulable facts which when taken together reasonably indicated that criminal activity was afoot.

We agree with the Commonwealth's argument that the facts in this case are more analogous to the situation presented in *Grosso, supra.* In *Grosso,* the police stopped Grosso for traffic code violations. Grosso had a valid driver's license and registration.

However, while conducting a license check, the ticketing officer was contacted by another officer who informed him that he should be careful because Grosso was known to carry concealed weapons and was a drug user. When the officer issued Grosso his citation, he noticed that he appeared extremely nervous. The officer then questioned him and obtained his consent to search the vehicle. In *Grosso,* we held that Grosso's suspicious behavior coupled with the additional information that the officer's safety may be at risk were reasonable grounds for his continued detention. *Grosso, supra.*

In the present case, the trooper not only noticed suspicious behavior, but also had specific information which heightened his suspicions. The trial court found that the trooper did not articulate what those suspicions were. However, a review of the record shows that Trooper Laskey testified that in addition to the three cards he saw Appellee drop into the trunk, the conflicting information received concerning the car and Appellee's varying forms of identification made the trooper suspicious. (N.T. p. 10, 20). Therefore, the combination of the inconsistent information produced by Appellee, concerning both his car and his identity, along with the suspicious behavior noticed by the trooper, gave rise to the reasonable inference that criminal activity was underway.

We conclude the trial court erred in determining that Trooper Laskey exceeded the lawful scope of a stop for motor vehicle code violations and that his detention of Appellee and request for permission to search the vehicle constituted an unreasonable seizure. Appellee was lawfully detained and thus his consent to search his vehicle was valid. Therefore, we hold the evidence found in Appellee's car was the result of a lawful search. Accordingly, we reverse the court's suppression order.

Order reversed. Case remanded for new trial. Jurisdiction relinquished.

